IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CR-111-WKW |
| | ) | [WO] |
| LITTLE JOE FOSTER | ) | |

# ORDER

On July 13, 2018, the Magistrate Judge filed a Recommendation (Doc. # 46) that the motion to suppress filed by Defendant Little Joe Foster (Doc. # 25) be denied. Defendant timely objected to the Recommendation. (Doc. # 57.) Upon a *de novo* review of the record and the Recommendation, *see* 28 U.S.C. § 636(b), Defendant's objections are due to be overruled and the Magistrate Judge's Recommendation is due to be adopted.

Defendant's objections mostly repeat the arguments from his motion to suppress. The Recommendation adequately addressed Defendant's arguments and properly rejected them. For the reasons thoroughly explained in the Recommendation (Doc. # 46), the officers' stop and search of the vehicle were lawful, Foster's detention was lawful, and his statements were voluntary.

The only new argument made in — the last page of — Foster's Objection to the Recommendation is that there was no probable cause to search the black box

next to Foster's feet in the front passenger's side of the vehicle because a purple bag of marijuana was already removed from the back seat. (Doc. # 57 at 9.)

"A warrantless search of an automobile is constitutional if (1) the automobile is readily mobile and (2) there is probable cause to believe that it contains contraband or evidence of a crime." *United States v. Smith*, 596 F. App'x. 804, 807 (11th Cir. 2015) (citations omitted). There was probable cause to search the black box because (1) the vehicle was operational, and (2) the officers smelled a strong odor of marijuana emanating from the vehicle. (Doc. # 46, at 22.) *See, e.g., United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982) ("[T]he recognizable smell of marijuana gives rise to probable cause supporting a warrantless search.").

The officers testified that they checked the black box because they "had already found drugs in the back seat, so it's very likely that there could be other drugs in that vehicle. And we can still smell marijuana, so there was an idea of — the amount of odor of marijuana, that there was more than just that little [purple] bag." (Doc. # 46 at 5.) Based on the totality of the circumstances, including the smell of marijuana, the guns found in the car and on Foster, and knowledge of at least one passenger's history with narcotics activity, the officers had probable cause to search the black box even though they had already removed the purple bag containing some of the marijuana. *See United States v. Ross*, 456 U.S. 798, 824

(1982) (probable cause to search a lawfully stopped vehicle "justifies the search of every part of the vehicle and its contents that may conceal the object of the search.").

Accordingly, it is ORDERED as follows:

1.　　The Magistrate Judge's Recommendation (Doc. # 46) is ADOPTED;

2.　　Defendant's objections (Doc. # 57) are OVERRULED; and

3.　　Defendant's motion to suppress (Doc. # 25) is DENIED.

DONE this 13th day of September, 2018.

　　　　　　　　　　　　　　　　/s/ W. Keith Watkins
　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE